DECISION.
We have, sua sponte, removed this appeal from its original setting upon our calendar of accelerated cases.
The defendant-appellant, Lyndon Miller, appeals the judgment entered upon the verdict finding him guilty of two counts of possession of marijuana and one count of trafficking in marijuana, and the sentences thereafter imposed.
On August 28, 1997, Miller was indicted in case number B-9706333 upon the docket of the Hamilton County Court of Common Pleas for offenses allegedly committed on August 18, 1997. On October 1, 1997, Miller was indicted in case number B-9707370 upon the same docket for offenses allegedly committed on September 22, 1997.
On May 18, 1998, the date upon which both indictments had been set for trial, Miller appeared with retained counsel. The court was advised that the two indictments involved separate incidents and separate dates and that Miller desired to have case number B-9706333 tried first and then, depending on the result of that trial, to proceed to trial upon case number B-9707370. In response, the prosecutor voiced an assumption that the cases would be tried "together," because the same "investigating officer * * * worked on both cases" and because the jury would not be confused when the alleged offenses "happened within approximately one month of each other." Defense counsel stressed his concern with the prejudice joinder might occasion to Miller, but conceded that he was prepared to go forward on both indictments. After additional discussion with both counsel, the court ordered that the cases be joined for trial.
The jury began its deliberations on May 21, 1998, and continued them on May 22. Before further progress in the case on the latter day, the court informed the prosecutor and the attorney acting on behalf of Miller in place of his trial counsel (who was absent because of an appointment with counsel's physician) that the foreperson of the jury had submitted this question to the court:
 Can we consider the testimony re: August 18th
in deliberating the facts of the case re: September 22nd as they were presented together in testimony of witnesses.
 The court conducted a colloquy with counsel and indicated its intention to submit to the jury this answer in writing:
 You have three counts or charges against the defendant. You can consider any testimony as to a count which you find to be material and relevant to the issues in that count.
 The substitute counsel indicated his "belief" that the "answer to the * * * question is proper," and in the early afternoon of May 22, the jury handed down the verdicts of guilty.
The antecedent instructions to the jury included this charge:
 The charges set forth in each count of the indictment constitute separate and distinct matters. You must consider each count and the evidence applicable to each count separately, and you must state your findings to each count uninfluenced by your verdict as to the other count. The defendant may be found guilty or not guilty of either or both, or all three of the offenses, depending upon your findings.
The first of Miller's two assignments of error is:
 The trial court erred in its jury instructions which denied the appellant a fair trial and due process of law guaranteed him by the United States and Ohio Constitutions.
The predicate for this assertion, as given in Miller's brief, is:
 For multiple charges in separate indictments against one defendant, a trial court shall instruct that the jury must consider evidence and testimony for each count in each indictment separately, distinctly, and uninfluenced by the evidence applicable to all other counts, and any modifications of such an instruction which violates Evidence Rule 404(B) is plain error.
 For purposes of his argument on this issue, Miller concedes that the "trial court correctly obtained [the quoted part of the charge] from the Ohio Jury Instructions."[1] He adds that his trial counsel "had no reason to object to it."
It is appropriate to note here that Miller's counsel on appeal is associated in his practice with the retained counsel who represented Miller at trial. Moreover, the substitute counsel was, according to statements made to this court during argument of the merits of this appeal, also associated with both trial and appellate counsel.
Miller's assertion of plain error rests upon his claim that the trial court's response to the jury's question was a "modification" of the original instruction relative to the duty of the jury to consider each count and the evidence applicable to each court separately, uninfluenced by any evidence applicable to another count.
While, in retrospect, the better choice might have been simply to re-read the pertinent part of the charge rather than to have paraphrased it, we cannot conclude that the trial court's answer to the jury's question materially altered the instruction first given, bearing in mind the limitations of the application of the concept of plain error. We do not see that the answer could, reasonably, have allowed the jury to utilize evidence of other "bad acts" in violation of Evid. R. 404(B).
Clearly, Crim. R. 52(B) authorizes consideration of plain error as ground for reversal. But the Ohio Supreme Court admonished in State v. Cooperrider (1983), 4 Ohio St.3d 226, 227,448 N.E.2d 452, 453, that "the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a miscarriage of injustice." In State v. Slagle (1992), 65 Ohio St.3d 597, 604-605,605 N.E.2d 916, 925, the court said:
 One question a reviewing court must ask is whether the alleged error substantially affected the outcome of the trial. The appellate court must examine the error asserted by the defendant-appellant in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred.
 The stated second corollary to Miller's first assignment is based upon the lack of an objection by the substitute counsel to the answer given by the trial court to the jury's inquiry. Miller contends:
 Where it is proven that there exists deficient performance by counsel and resulting prejudice, a claim of ineffective assistance of counsel should be sustained.
 We reject this submission for the same reason given in our disposition of Miller's initial contention that the court had committed plain error in its response to the jury. When read objectively, viz., by persons other than an affected individual, the answer did not contradict the extended, correct instruction first given. Consequently, we hold that the questioned actions of the substitute counsel met the standards established in Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Accordingly, we overrule the first assignment of error.
The salient facts which the jury was entitled to find as true beyond a reasonable doubt are these.
On August 18, 1997, agents attached to the Regional Enforcement Narcotics Unit were conducting a covert investigation of traffic in marijuana[2] with assistance from a confidential informant. The informant told the agents that the individual upon whom the investigation centered, Mario Miller, was expecting his supplier to arrive in Cincinnati with a quantity of marijuana. Accordingly, the agents kept Mario Miller's residence under surveillance. At about 1:00 a.m., appellant Miller arrived at the residence with Angel Riley, and they entered the premises. Both Mario Miller and Angel Riley were named eventually as co-defendants with Miller. At trial, Riley testified that, once inside the residence, she could smell marijuana, but did not see any, and that she overheard Mario and Miller discuss a sale of the drug to an unnamed person.
Then, Riley testified, Mario left with garbage bags and placed them in an automobile. One of the officers testified that Mario thereafter met the informant and gave him a sample of the marijuana, and that a purchase of 25 pounds of it was arranged. Mario was seen by the agents to again leave his residence, place a garbage bag in his vehicle, and drive away. The agents stopped the car and recovered some nine pounds of marijuana and a paper writing, which they said was a record of sales of the drug. Mario was arrested.
A warrant to search the residence was then obtained. When Mario's apartment was entered, Miller was found sitting on the floor counting currency, totaling $55,474, which the agents seized. In addition, they recovered some forty pounds of marijuana divided into segments, a digital scale, and other paraphernalia associated with trafficking in drugs. Miller's fingerprint was found on the scale. He was arrested, charged and released on bond.
Miller, Mario and Riley were indicted in case number B-9706333 on August 28, 1997. The agents again received information that Miller was in Cincinnati, and he was placed under surveillance along with an individual, Brian Morgan, identified by the informant as a potential purchaser of marijuana. Morgan was stopped by uniformed police and his automobile was found to contain some twenty-five pounds of marijuana and $28,000 in currency. Morgan was eventually indicted as a co-defendant in case number B-9707370. Morgan testified at Miller's trial that he had negotiated with Miller for the purchase of marijuana, that Miller had taken the drug from his car and placed it in the trunk of Morgan's car, and that he, Morgan, had divided it into thirty-seven one-pound bags at his home. Morgan further stated that he had been en route to Miller's motel room to pay him for the marijuana when he was stopped by the uniformed police. Morgan testified also that he had conducted a previous transaction in marijuana with Miller.
Fundamentally, the defenses to the charges centered upon the lack of credibility of the testimony of the several co-defendants, the lack or the weakness of corroboration of such testimony from trustworthy sources, and the fact that Riley and Morgan had benefited from their cooperation when sentenced for the participation in the offenses named in the indictments.[3]
This brings us to Miller's second assignment of error, which contends that the trial court erred in consolidating the two cases for trial. Miller argues that the court abused its discretion when ordering the consolidation and thereby prejudiced him because he was taken off guard when it was done without written notice by the prosecution.
Miller phrases the issue as follows:
 Where the government initially agrees that two separate indictments against one defendant should be tried separately, and then reneges [on] the agreement by making an oral motion to consolidate on the date of trial without filing any written motion or providing defense counsel with an[y] notice prior to trial, and where the defense shows prejudice [arising from] such consolidation, it is error for a trial court to consolidate those two indictments.
 The court stated in its entry ordering the consolidation:
 The Court finds that the offenses charged in the two cases are of the same or similar character and are based on two or more transactions connected together or, if true, are part of a course of criminal conduct. The Court further finds that the defendant will not be prejudiced by the joinder.
 Crim. R. 13 authorizes a court to order two or more indictments to be tried together "if the offenses * * * could have been joined in a single indictment * * *." It is established firmly that joinder and the avoidance of multiple trials are favored for, among other considerations, purposes of judicial economy. When writing for the majority of the Ohio Supreme Court in State v. Schaim
(1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 668, Justice Craig Wright stated:
 When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct. State v. Hamblin (1988), 37 Ohio St.3d 153, 158-159, 524 N.E.2d 476, 481-482; Drew v. United States
(C.A.D.C. 1964), 331 F.2d 85.
 See, also, State v. Torres (1981), 66 Ohio St.2d 340, 421 N.E.2d 1288. This court has relied consistently on these authorities and the state directs our attention to our decision in State v. Williams (Dec. 1, 1993), Hamilton App. No. C-920869, unreported, as illustrative of that history.
Here, the facts of the two cases were relatively simple. The cases, while involving temporally distinct events, were uncomplicated and, for the most part, involved the same witnesses. We are convinced by the record that the court did not abuse its discretion or confound the rules of criminal procedure when ordering the two cases sub judice to be tried together. We, therefore, overrule the second assignment of error.
The judgment of the Hamilton County Court of Common Pleas is affirmed.
Judgment affirmed.
 Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] We are cited to 4 Ohio Jury Instructions (1997) 85, Section 413.11(3).
[2] The indictment specifies the drug to be "marijuana," but the discrepancy in spelling is immaterial.
[3] The defense rested without the presentation of evidence on its part after Miller's motion for acquittal was overruled.